CAPITAL CASE
IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| IN RE: LISA MONTGOMERY<br><br>Movant – Appellant<br>v.<br><br>United States<br><br>Respondent – Appellee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>NO. 17-1716<br>UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI,<br><br>NO. 12-08001-CV-W-GAF |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Lisa Montgomery, by and through counsel, moves this Court for an extension of time in which to file her application for a certificate of appealability. On April 4, 2017 by letter from the Clerk, counsel were notified of a two week deadline to apply for a certificate of appealability. Because counsel wish to draft an application that is concise and accurately reflects the facts established at the evidentiary hearing, and because this is a capital case where no certificate of appealability has yet been granted, counsel hereby moves this Court to extend the filing deadline for the application for a period of time not to exceed one-hundred and twenty (120) days from the filing of the transcript of the evidentiary hearing.

In support of this motion, Mrs. Montgomery would show:

1) The District Court granted an evidentiary hearing for seven (7) of Mrs. Montgomery's claims, involving over twenty-five (25) sub-claims. The hearing involved thirty-nine (39) witnesses and involved nine (9) days of testimony, including the testimony of eighteen (18) expert witnesses. In

addition, the parties stipulated to six thousand, eight hundred and sixty-eight (6,868) pages of exhibits that included the sworn testimony of an additional eighty three (83) witnesses.

2) At the conclusion of the evidentiary hearing, the District Court requested closing argument. However, no transcript of the hearing was prepared nor was briefing entertained prior to denial of relief.[1]

3) To file a concise articulation of the complex, inter-connected factual basis for Mrs. Montgomery's entitlement to a certificate of appealability –

[1] From undersigned counsel's review of the docket sheets in capital 2255 cases where a hearing was held, the overwhelming national practice allows for the preparation of a transcript of the evidentiary hearing prior to any disposition of the motion. *See*, *Allen v. U.S.,* 4:07-cv-00027 (E.D. Mo.) (transcript prepared prior to post-hearing briefing); *Battle v. U.S.*, 1:95-cr-00528 (N.D. Ga.) (transcript prepared prior to submission of proposed findings of fact and conclusions of law); *Bourgeois v. U.S.*, 2:02-cr-00216 (S.D. Tex.) (transcript prepared prior to post-hearing briefing); Chandler v. U.S., 1:95-cv-08005; 1:90-cr-00266 (N.D. Ala.) (post-hearing briefing permitted with some matters transcribed); *Holder v. U.S.*, 4;03-cv-00923 (E.D. Mo.) (transcript prepared prior to post-hearing briefing); *Honken v. U.S.*, 3:10-cv-3074 (N.D. Iowa) (transcript prepared before post-hearing briefing); Johnson v. U.S., 3:09-cv-03064 (N.D. Iowa) (Transcript filed after post-hearing briefing and argument but before entry of order); *Lecroy v. U.S.*, 2:02-cr-00038 (N.D. Ga.) (transcript prepared before post-hearing briefing); *Nelson v. U.S.*, 4:04-cv-08005 (W.D. Mo.) (transcript prepared prior to submission of proposed findings of fact and conclusions of law); *Rodriguez v. U.S.*, 2:04-cr-00055 (D. ND) (transcript prepared prior to post-hearing briefing); *Sampson v. U.S.*, 1:01-cr-10384 (D. Mass.) (transcript prepared prior to submission of proposed findings of fact and conclusions of law); *Sinisterra v. U.S.,* 04-8003-CV-W-GAF; 98-00311-02-CR-W-GAF (W.D. Mo.) (transcript prepared in anticipation of submission of proposed findings of fact and conclusions of law, Mr. Sinisterra died before such were submitted); *Stitt v. U.S.,* 2:98-cr-47 (D.E.Va.) (transcript prepared prior to post-hearing briefing).



Appellate Case: 17-1716 Page: 2 Date Filed: 04/07/2017 Entry ID: 4521613

including reference to the testimony of the eighteen (18) scientific, psychological and/or, medical experts – a transcript is necessary.

4) The District Court's order was entered on Friday, March 3, 2017. On Monday, March 6, 2017 counsel for Mrs. Montgomery ordered the transcript of the hearing.

5) Court reporter Kathy Calvert has been working diligently on the transcript, but has informed counsel that due to her obligations for the court and need to prepare transcripts in other cases she requires three to four more weeks to complete the transcript here.

6) The District Court's Order only addresses the facts found relevant to the proceedings. *Montgomery v. US,* 4:12-cv-08001 at p.2, ftnt 2 ("the Court addresses only the evidence it deems relevant"). As such, the Order presents a mixed question of law and fact as to all the evidence presented at the hearing, including evidence not referenced in the order. As this Court is aware, this Court's review of questions involving mixed questions of fact and law is *de novo* with no presumption of correctness. *Laws v. Armontrout,* 863 F.2d 1377, 1381 (8th Cir.1988) (en banc), *cert. denied,* 490 U.S. 1040 (1989). Accordingly, where Mrs. Montgomery must convince this Court that her claims are "adequate to deserve encouragement to proceed further" a transcript is necessary such that she may direct this Court's attention to the proof which is omitted from the District Court's findings. *Miller-El v. Cockrell*, 537 U.S. 322, (U.S., 2003) (*quoting*

*Barefoot v. Estelle*, 463 U.S. 880 (1983)); *see also, Buck v. Davis*, ___ U.S. __, 137 S.Ct. 759 (2017) (Roberts, C.J., dissenting, standard for denial of COA requires the claim to be "indisputably meritless").

7) The necessity of a transcript for a clear presentation of Mrs. Montgomery's entitlement to a certificate of appealability is perhaps best demonstrated with reference to an example of an issue that would require citation to the record. Movant was granted a hearing on her claim that she was incompetent at trial. The District Court relied on his memory that Dr. Marilyn Hutchinson, a consulting expert for the defense trial team, had "found" Mrs. Montgomery competent in March of 2005 to deny the claim. *Montgomery v. US*, 4:12-cv-08001 D.E. 212 at p. 93, 94, 95.

The transcript will reveal that the District Court's memory of this testimony is in error. In fact, the pretrial defense team consultant, Dr. Hutchinson, testified that she never found Mrs. Montgomery to be competent. To the contrary, Dr. Hutchinson had serious concerns that Mrs. Montgomery was unable to rationally assist counsel. Dr. Hutchinson testified that Mrs. Montgomery had a difficult time understanding was real and not real and that she was suicidal.

Additionally, the court's reliance on the "defense teams' decisions not to seek a competency hearing" in finding Mrs. Montgomery competent was contrary to the evidence presented at the hearing that Mr. Duchardt, Mr.

Owen, and Ms. Hunt had serious concerns that Mrs. Montgomery was incompetent[2] and the testimony that Ms. Burns and Ms. Clarke were removed as counsel before either had a chance to determine what motions were appropriate to file in the case.

Though this example is but one instance of the facts presented at the hearing conflicting with the findings in the Order, this example demonstrates the need for the preparation of the transcript prior to the application for a COA. Because the facts presented at the hearing are contrary to the findings in the Order, a transcript is necessary for this Court's assessment of Mrs. Montgomery's entitlement to a COA on this and other, similar, claims.

Once prepared, counsel will require time to review the transcript and analyze the facts to prepare the motion for certificate of appealability.

Movant's Motion for Collateral relief is two hundred and thirty eight (238) pages in length. In addition to the claims which the District Court found deserving of an evidentiary hearing, in an earlier order the District Court denied relief on numerous other claims for which Mrs. Montgomery will seek a certificate of

[2] As noted by the District Court, Mr. Duchardt testified that despite his concern that Mrs. Montgomery was unable to rationally assist counsel, he did not anticipate that the Court would find Mrs. Montgomery incompetent. *Montgomery v. US*, at p. 93. Mr. Owens testified that, though he acquiesced to lead and learned counsels' opinions, he believed that Mrs. Montgomery was incompetent and that a competency motion should have been filed. *Id.* at 94. The Order omitted any analysis of the other counsels' testimony regarding concerns about Mrs. Montgomery's competency.



Appellate Case: 17-1716 Page: 5 Date Filed: 04/07/2017 Entry ID: 4521613

appealability. *Montgomery v. US*, 4:12-cv-08001 D.E. 173 (denying *inter alia*, Movant's multiple claims of constitutional error surrounding the abrupt removal of trial counsel, Judy Clarke, without a hearing and against Mrs. Montgomery's express wishes).

Accordingly, where Mrs. Montgomery has shown that she reasonably requires a transcript prior to the submission of her application for a certificate of appealability, as well as additional time to review the transcript and to analyze the Orders of the District Court to prepare an appropriate application, and where this is a capital case, undersigned counsel move this Court for an extension of time to submit the application, specifically for one-hundred and twenty (120) days from the date of the entry of the transcript.

Undersigned counsel has spoken with Jeff Valenti of the United States Attorney's Office who states that the Government has no opposition to this motion.

Respectfully submitted,
/s/ *Lisa G. Nouri*
LISA M. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
/s/ *Amy D. Harwell*
AMY D. HARWELL, Tn. Bar No. 18691
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2017, the above-captioned document was served electronically on Jeff Valenti, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Kelley Henry*



Appellate Case: 17-1716 Page: 7 Date Filed: 04/07/2017 Entry ID: 4521613