**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-1716 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO EXPAND THE RECORD

The United States of America, for the Western District of Missouri, by and through undersigned counsel, files the following in opposition to appellant Lisa M. Montgomery's motion to expand the record for this Court's consideration of the district court's ruling denying her motion filed under 28 U.S.C. § 2255.

### I. Introduction

This Court should deny appellant Lisa M. Montgomery's motion to expand the record. Montgomery's request to expand the record is an attempt to introduce new and revised testimony into the record, and her remaining requests are unnecessary as the documents are either already part of the record on appeal, or could be in the record following a request from Montgomery to the clerk of the district court. The supplemental declaration of trial counsel David Owen, and the declaration of Lawrence Fox, Esq. should not be included in the proper record for

Montgomery's appeal. The April 15, 2016, notice of electronic filing from CM/ECF, and an October 14, 2016, transcript of the pre-hearing status conference are already a part of the record, and are either already accessible or can be made accessible with a request to the district court to have the transcript transcribed.

## II. Procedural History

Montgomery brought this appeal under 28 U.S.C. § 2255 following her conviction and sentence of death. In 2007, a jury convicted Montgomery of the murder of Bobbie Jo Stinnett and she was subsequently sentenced to death for that crime. On appeal, the Eighth Circuit affirmed her conviction and sentence. *United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011). Montgomery then filed a motion for post-conviction collateral relief under 28 U.S.C. § 2255. Following this motion, the district court denied many of Montgomery's claims, but did grant an evidentiary hearing on some of her claims. The district court conducted the evidentiary hearing the week of October 31, 2016, and subsequently denied Montgomery's remaining requests for relief. Montgomery's attempt to supplement the record is part of her defense alleging ineffective assistance of counsel, and her allegation that the district court judge had a bias towards Montgomery's counsel.

## III. Argument

Generally, an appellate court may consider only the record made before the district court when there is an appeal. *Dakota Indust., Inc. v. Dakota Sportswear,*

*Inc.*, 988 F.2d 61, 63 (8th Cir. 1993); *see also* Fed. R. App. P. 10(a) (2017). This Court recognizes a narrow exception where an appellate court may expand the record when the interests of justice demand it – however, this authority is "rarely exercised." *Dakota Indust.*, *id*. Thus, for example, the *Dakota* court held that misrepresentations made during discovery, which prevented the finding of key exhibits, prevented the court from having a full and complete record, as the case was at the preliminary injunction stage and there had yet to be a full trial on the merits. *Id*. The *Dakota* court specifically stated that it made "no general holding as to when an appellate court can consider evidence not in the record," but instead only found that "*in this case* the interests of justice" required them to do so. *Id*. at 64 (emphasis added).

Only where the reviewing court has an incomplete picture of the facts will the record be expanded on appeal. *United States v. Pugh*, 75 Fed. Appx. 546, 547 (8th Cir. 2003) (holding that the record should be expanded after the Government learned that the defendant had already made significant restitution payments and therefore should have a reduced fine assessed). A decision to expand the record will be exercised only in extraordinary circumstances. *Ortiz v. United States*, 664 F.3d 1151, 1165 (8th Cir. 2011). In *Ortiz*, the appellate court expanded the record to allow evidence that the defendant did not have a Texas driver's license, which corrected an improper statement from the Government to the contrary. *Id*.

However, the court did not allow the record to be expanded to include additional information regarding intelligence tests administered to the defendant, noting that there was ample time to develop the record through the many motions and hearings brought by the defense. *Id*. An example of the "rare" use of the expansion of the record by an appellate court is where an issue is raised for the first time on appeal, and the record is not developed sufficiently to address the claim. *United States v. Aulet*, 618 F.2d 182, 185-86 (2d Cir. 1980).

Before addressing each of Montgomery's specific requests to expand the record, it is worth noting that the authority cited by Montgomery should lead this Court to the conclusion that the record should not be expanded. First, Montgomery relies on *Dakota Indust.*, where the Eighth Circuit allowed the record to be expanded on appeal. *See Dakota Indust.*, 988 F.2d at 63. The Eighth Circuit did so primarily based on the procedural posture of the case. *Id*. In *Dakota*, the motion to expand the record came on an appeal following a preliminary injunction, and followed misstatements, "willful or otherwise," by the defense which "prevented a genuine application of that discretion to all facets of this case." *Id*. The court noted that had the case been heard on its merits, the court's decision to expand the record would likely be different. *Id*.

In the present case, the record is completely established. Montgomery was convicted after a full trial on the merits of the case, her conviction was upheld on a

full appeal, and she has filed several post-conviction motions which have been addressed by the district court. Montgomery has had adequate opportunity to develop a full and complete record.

Montgomery's claim to expand the record is analogous to the defense's motion in *Ortiz*. In *Ortiz*, while the record was expanded to allow the defendant's identification card to be admitted (in response to a misstatement at trial), this Court specifically stated that the other supplemental material could not be introduced because the defense had adequate opportunity to develop the record. *Ortiz*, 664 F.3d at 1165.

Further, the record was expanded in *United States v. Pugh* because the Government was only alerted to significant restitution payments the defendant had made after the defendant was sentenced. *Pugh*, 75 Fed.Appx. at 747. Part of the defendant's sentence was to provide restitution to his victims, and denying amendment to the record showing that the defendant had already paid a significant amount of restitution would have been unjust to the defendant. *Id*. Here, Montgomery is attempting to supplement the record with changed or new testimony, and testimony from an expert properly excluded by the district court.

Although Montgomery is correct that an appellate court has the authority to expand the record on appeal, it will only do so in extremely rare circumstances, and only when the interests of justice demand it. While each authority relied on by

Montgomery did allow for an expansion of the record, the cases are all distinguishable, and in each case, it would have been unjust to prohibit expansion of the record. The interests of justice do not demand that the record be expanded in the present case. The parties adequately developed the record below during trial, during appeals, and during post-conviction motions brought by Montgomery. Therefore, this Court should deny each of Montgomery's arguments to supplement the record.

### *A. The Supplemental Declaration of Trial Counsel David Owen Should Not be Included in the Record*

Montgomery's first supplemental material to add to the record is a declaration made by Montgomery's trial counsel, David Owen. The district court held an evidentiary hearing on October 31, 2016, to hear specific post-conviction appeals brought by Montgomery. At the hearing, Ms. Henry asked Mr. Owen on redirect examination about his knowledge of statements made to the trial investigator, Dani Waller, by David Kidwell, Montgomery's cousin. (Montgomery Mot. 4.) In an interview memo prepared by Ms. Waller dated March 1, 2007, Kidwell had reported that Montgomery had been sexually abused by her stepfather and his friends. (Evid. Hrg. Tr. 2185-86.) Ms. Henry asked Mr. Owen whether he and the Federal Public Defender investigator ever followed up on Mr. Kidwell's interview and allegation of sexual abuse of Montgomery by her stepfather, Jack Kleiner. (Evid. Hrg. Tr. 2185.) Mr. Owen testified that Montgomery's stepfather, Jack Kleiner, denied the allegations, and did not give away any names of the other men who were reportedly

involved in the sexual abuse. (Evid. Hrg. Tr. 2186.) Further, Mr. Owen stated that he and the investigator attempted to find the other men to investigate Ms. Kidwell's claim, but could not find out who the other men were, so the investigation did not get very far. (Evid. Hrg. 2186.) These were Mr. Owen's statements, made under oath, regarding the investigation into claims that Montgomery was sexually abused by her step-father and his friends. Mr. Owen indicated that they had conducted an investigation, but it did not progress far due to the inability to identify the other men involved.

However, Montgomery is now attempting to "supplement" Mr. Owen's testimony, which amounts to new testimony altogether. Mr. Owen's supplemental declaration "clarifies" that he was only referring to a 2005 interview with Montgomery's stepfather in which the stepfather denied the sexual abuse allegations. (Montgomery Mot. 5.) Mr. Owen's supplemental declaration goes on to state that the other men involved in the sexual abuse were not investigated, and that Mr. Owen had only testified about investigating the claim against Montgomery's step-father, in which he denied the allegations. (Mr. Owen notes that he did not believe the stepfather, and his denial alone would not have deterred subsequent investigations into the other men). (Montgomery Mot. 5.) This supplemental declaration made by Mr. Owen contradicts what he stated under oath at the evidentiary hearing. The questions on redirect examination were in reference



Appellate Case: 17-1716 Page: 7 Date Filed: 12/08/2017 Entry ID: 4608700

to a March 1, 2007, report from Dani Waller, Movant's Exhibit 1-283. (Evid. Hrg. Tr. 2185.) In response to the question, "So that wasn't followed up on" (referring to Ms. Kidwell's claim that other men had participated in the sexual abuse of Montgomery), Mr. Owen stated "It was followed up the best we could." (Evid. Hrg. Tr. 2186.)

There was ample time for Montgomery's counsel to clarify Mr. Owen's testimony, while under oath and on the record, during the evidentiary hearing. However, Mr. Owen's answers were specifically in relation to the information in that report. Mr. Owen's supplemental "clarification" amounts to new testimony regarding the investigation into claims of sexual abuse of Montgomery. This supplemental testimony was not developed on the record, with the safeguard of cross-examination to ensure the testimony was accurate. The interests of justice do not demand that a record be supplemented to include additional or different testimony than what was given by a witness on the record. Montgomery's claim to supplement the record with Mr. Owen's supplemental declaration amounts to introducing additional and different testimony from Mr. Owen. Justice is not served by expanding the record to include this additional testimony.

This Court should reject Montgomery's attempt to analogize Mr. Owen's supplemental testimony to the decision to supplement the record with the defendant's Texas identification card in *Ortiz*. In *Ortiz*, the court allowed the

defendant's identification card to supplement the record to correct a misstatement by the Government made during the trial. Here, Montgomery is attempting not only to supplement Mr. Owen's testimony, but to change his testimony. Montgomery had ample and adequate opportunity to clarify Mr. Owen's statement on the record and failure to do so represents "a lack of due diligence," which this Court specifically stated as grounds to deny the expansion of the record in *Ortiz*. This Court should therefore deny Montgomery's attempt to supplement Mr. Owen's testimony with his supplemental declaration.

### *B. This Court Should Deny the Supplemental Declaration of Lawrence Fox, Esq.*

The second supplement that Montgomery attempts to introduce into the record is a declaration made by Lawrence Fox, Esquire, an expert witness for the defense. In his declaration, Mr. Fox describes the treatment of Montgomery's habeas counsel by the district court judge. In Mr. Fox's view, the treatment was inappropriate. Mr. Fox, a legal expert, was intended to be an expert witness for Montgomery in her claim that the district court judge was biased against Montgomery's trial counsel. However, the Government objected to Mr. Fox, and moved to exclude Mr. Fox's testimony. The motion was granted, and Mr. Fox was not allowed to testify at the evidentiary hearing. Despite this exclusion, which was made within the district court's discretion, Montgomery is now attempting to get a declaration made by this

excluded expert witness into the record. The interests of justice do not demand that testimony from a properly excluded expert witness be included in the record.

Montgomery intended to use Mr. Fox to show that the district court harbored a bias towards Montgomery's trial counsel, and additionally that the district court improperly dismissed Judy Clarke as one of Montgomery's counsel from the trial team. The record adequately reflects the remarks made by the district court judge to Montgomery's habeas counsel. Justice does not demand that Mr. Fox's supplemental impressions on the perceived harshness of the remarks be included in the record.

Additionally, Mr. Fox's declaration is not needed to provide context for the court's dismissal of Ms. Clarke. Mr. Fox's declaration allegedly only pertains to the court's treatment of Montgomery's habeas counsel. Such impressions do not provide context for the dismissal of Ms. Clarke, which occurred during the early stages of the trial. While the court may have expressed annoyance towards Montgomery's habeas counsel, the record adequately reflects statements made in open court. If this Court wishes to review the district court's comments, the record is available to do so. The impressions of Mr. Fox are not necessary in the interest of justice.

Similarly, the district court's determination to exclude Mr. Fox from testifying at the October 31, 2016, evidentiary hearing is part of the record.



Appellate Case: 17-1716 Page: 10 Date Filed: 12/08/2017 Entry ID: 4608700

Montgomery's attempt to supplement the record to include Mr. Fox's declaration, which include his impressions on how Montgomery's habeas counsel was treated, should not be admitted to supplement the record.

### *C. The CM/ECF Notice of the Hearing on May 6, 2013, is Included in Montgomery's Docket Report, and Therefore is Already a Part of the Record*

Montgomery's third request to supplement to the record is an email received by counsel from the district court notifying counsel of the hearing set on May 6, 2013. (Montgomery Mot. 13.) Montgomery is arguing that she did not have the opportunity to conduct discovery on the district court judge's recollections regarding events surrounding the removal of defense counsel Judy Clarke from Montgomery's trial team.

This CM/ECF notice is included in Montgomery's docket report, and therefore is part of the record. The CM/ECF notice for the May 6, 2013, hearing is docket entry No. 44 on Montgomery's docket report. Accordingly, the Government opposes this request by Montgomery as unnecessary because the requested notice is part of the record.

### *D. The Transcript of the October 14, 2016, Pre-Hearing Status Conference Was Made in Open Court, and Should Already be Included in the Record*

Montgomery's final request to supplement the record involves a transcript from the pre-hearing status conference conducted on October 14, 2016. (Montgomery Mot. 14.) At that status conference, both parties established that they



Appellate Case: 17-1716 Page: 11 Date Filed: 12/08/2017 Entry ID: 4608700

were in compliance with the court's pretrial order regarding witness disclosures and exchange of witness lists. As this conference was made in open court, the transcript should be included in the record. To the extent that such transcript is not included in the record, a request to the clerk of the district court should remedy the situation.

This request from Montgomery should be denied by this Court as the transcript should already be part of the record of the lower court. If the transcript is not, Montgomery can request such transcript from the clerk of the district court.

## IV. <u>Conclusion</u>

This Court should deny Montgomery's request to expand the record on appeal. Montgomery is attempting to introduce new testimony from David Owen through his supplemental declaration clarifying his testimony made under oath during the October 31, 2016, evidentiary hearing, even though she had ample opportunity to develop the record at that time. Additionally, Montgomery is attempting to supplement the record with a declaration from an excluded witness. Finally, Montgomery is attempting to supplement the record with material that is already in the record, or could be, following a simple request to the clerk of the district court. While appellate courts have the authority to supplement the record on appeal, such action is only done rarely in extreme circumstances, and only where justice demands that the record be extended. Justice does not demand that the record



Appellate Case: 17-1716 Page: 12 Date Filed: 12/08/2017 Entry ID: 4608700

be expanded here, and as such, Montgomery's request to expand the record should be denied by this Court.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

By /s/ *Bruce E. Clark*

BRUCE E. CLARK
LAJUANA M. COUNTS
Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), that this motion complies with the type-volume limitations in Fed. R. App. P. 32(a)(7)(B) and contains 3,050 words. This motion was prepared using Microsoft Word 2016 software. In making this certification I have relied upon the word-count feature of Microsoft Word 2016. Furthermore, this motion has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

/s/ *Bruce E. Clark*
Bruce E. Clark
Assistant United States Attorney



Appellate Case: 17-1716 Page: 14 Date Filed: 12/08/2017 Entry ID: 4608700

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

Lisa G. Nouri
2526 Holmes
Kansas City, Missouri 64108

Kelley J. Henry
Supervisory Assistant Federal Public Defender

Amy D. Harwell
Assistant Federal Public Defender
Federal Public Defender's Office
Middle District of Tennessee
Capital Habeas Unit
810 Broadway Street, Suite 200
Nashville, Tennessee 37203

*Attorneys for Appellant*

/s/ *Bruce E. Clark*
Bruce E. Clark
Assistant United States Attorney



Appellate Case: 17-1716 Page: 15 Date Filed: 12/08/2017 Entry ID: 4608700