**Capital Case**
No. 17-1716

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

**LISA MONTGOMERY,**
*Appellant,*
vs.
**UNITED STATES**,
*Appellee.*

---

On Appeal from the United States District Court
For the Western District of Missouri
Case No. 17-1716

---

**PETITION FOR REHEARING/REHEARING *EN BANC***

---


Lisa G. Nouri
Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816)471-1000

Kelley J. Henry
Mo. Bar No. 38849; Tn. Bar No. 021113
Supervisory Asst. Federal Public Defender

Amy D. Harwell
Tn. Bar No. 18691
Asst. Federal Public Defender
Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047

## Table of Contents

Table of Authorities ........................................................................ii

Statement Pursuant to F.R.A.P.35(B)(1) ............................................ 1

I. Background........................................................................................ 1

II. The Panel's Decision Contravenes *Miller-El* and *Buck*.................... 6

A. The panel's post-card denial of Montgomery's COA application contravenes *Buck.* ...................................................................... 7

B. Montgomery is entitled to a COA under *Miller-El.* ........................... 8

1. Montgomery's interference with counsel claim is reasonably debatable, because the removal of counsel violated equal protection and §3599.............................................................................. 8

2. Montgomery is entitled to a COA on claims upon which a hearing was granted where the standard for obtaining an evidentiary hearing is a least as onerous as COA standard.............................. 13

3. Montgomery's IAC claims are reasonably debatable. ..................... 14

4. Under the rationale of *Martinez*, Montgomery should have one opportunity to present proof in support of her interference with counsel claims.................................................................... 15

C. The panel's decision conflicts with decisions of this Court ............ 16

Conclusion ........................................................................................ 19

Certificate of Compliance.................................................................... 20

Certificate of Service ......................................................................... 21



Appellate Case: 17-1716 Page: 2 Date Filed: 03/08/2019 Entry ID: 4764472

## Table of Authorities

*Allen v. Stephens*, 805 F.3d 617 (5th Cir. 2015) ........ 6

*Barefoot v. Estelle*, 463 U.S. 880 (1983) ........ 6

*Buck v. Davis*, 137 S. Ct. 759 (2017) ........ 1,6,7

*Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) ........ 15

*Escamilla v. Stephens*, 749 F.3d 380 (5th Cir. 2014) ........ 14

*Frazer v. U.S.*, 18 F.3d 778 (9th Cir. 1994) ........ 11

*Garza v. Idaho*, __ S. Ct. __, No. 17-1026, 2019 WL 938523 (Feb. 27, 2019) ........ 10

*Gideon v. Wainwright*, 372 U.S. 335 (1963) ........ 8

*Griffin v. Illinois*, 351 U.S. 12 (1956) ........ 8,9

*Hernandez v. Johnson*, 213 F.3d 243 (5th Cir. 2000) ........ 6

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) ........ 12

*Martinez v. Ryan*, 566 U.S. 1 (2012) ........ 15

*Miller El v. Cockrell*, 537 U.S. 322 (2003) ........ passim

*Morris v. Slappy*, 461 U.S. 1 (1983) ........ 11,12

*Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001) ........ 5

*Nelson v. U.S.*, Case No. 4:04-cv-08005, PageID#4559060 (10/28/08) ... 17

*Nelson v. U.S.*, Case No.15-3160, EntryID4559060 (7/19/2017) ........ 17



Appellate Case: 17-1716 Page: 3 Date Filed: 03/08/2019 Entry ID: 4764472

*Ortiz v. U.S.*, Case No. 4:04-cv-08001, PageID#38764 (7/19/17) .......... 18

*Ortiz v. U.S.,* Case No. 08-1749 (10/28/2008) ....................................... 18

*Porter v. Collum*, 558 U.S. 30 (2009) .................................................. 14

*Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001) ...................................... 5

*Purkey v. U.S.,* Case No. 4:06-cv-08001(9/29/09) .................................. 18

*Purkey v. U.S.*, Case No. 10-3462, PageID#3796481, (6/10/2011) ......... 18

*Sears v. Upton*, 561 U.S. 945 (2010) ..................................................... 14

*Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010)............. 13

*Sinisterra v. U.S.*, Case No. 4:04-080003 ............................................... 18

*Sinisterra v. U.S.*, Case No. 08-1925, Entry ID 3454825
(Order 07/24/08) ....................................................................................... 18

*Slack v. McDaniel*, 529 U.S. 473, 482 (2000) .......................................... 12

*U.S. v. Gonzalez-Lopez*, 548 U.S. 140 (2006) ............................................ 8

*U.S. v. Marshall*, 872 F.3d 213 (4th Cir. 2017) ...................................... 11

*U.S. v. Reed*, 230 F.3d 1368 (9th Cir. 2000) (table decision)
2000 WL 1246450 ..................................................................................... 13

*U.S. v. Santos*, 201 F.3d 953, 958 (7th Cir. 2000) .................................. 12

*U.S. v. Sinclair*, 770 F.3d 1148 (6th Cir. 2014) ...................................... 12

*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) .................. 13

*Williams v. Illinois*, 399 U.S. 235 (1970) ................................................ 10

*Williams v. Woodford*, 396 F.3d 1059 (9th Cir. 2005) ............................... 6



Appellate Case: 17-1716 Page: 4 Date Filed: 03/08/2019 Entry ID: 4764472

**Statement Pursuant to F.R.A.P. 35(B)(1)**

The panel's decision denying a Certificate of Appealability ("COA") in this federal capital case conflicts with *Miller-El v. Cockrell*, 537 U.S. 322 (2003) and *Buck v. Davis*, 137 S. Ct. 759 (2017). The panel appears to have denied the COA based on its determination that the claims presented were without merit, but that is not the proper standard. Instead, *Miller-El v. Cockrell*, 537 U.S. 322 (2003) and *Buck v. Davis*, 137 S. Ct. 759 (2017), require merely a substantial showing of a constitutional violation—a lower standard than that employed by the panel. The district court and panel failed to engage in the proper analysis for a request for COA. Given that the district court granted an evidentiary hearing on eight claims, conducted a two-week hearing involving thirty-seven witnesses and four hundred-thirty-two exhibits that included an additional eighty-three testimonial declarations admitted by stipulation, it is staggering to suggest that the issues are not debatable.

This petition presents a question of exceptional importance because the panel decision conflicts with the approach of this Court in



Appellate Case: 17-1716 Page: 5 Date Filed: 03/08/2019 Entry ID: 4764472

capital cases where COAs have been granted in similar factual and legal circumstances. *See* Section II.C., *infra*.

## I. Background

Lisa Montgomery was sentenced to death in the Western District of Missouri for kidnapping resulting in death. Because the counsel first appointed by the court lacked experience with mentally-ill clients and mental-health defenses, the court subsequently appointed experienced capital litigator Judy Clarke. The court later removed Clarke as counsel without notice to Clarke and over Montgomery's and lead counsel's objections. Thereafter, the court removed lead counsel and appointed a new team of lawyers who failed to follow up on obvious signs of serious trauma (including a former law enforcement witness' statement that as a child Montgomery had been raped by multiple perpetrators), and who led the mentally ill Montgomery to believe that she had not committed the crime, overriding her earlier remorse. Failing to seriously engage with the case until only four months before trial, learned counsel boxed himself into an insanity defense by supporting a continuance request with false claims that experts were preparing reports in support of insanity, when the experts had not yet even examined Montgomery.

Counsel never conducted the investigation and preparation required by the Sixth Amendment, presented an insanity defense that was not supported by the proof, and failed to present Montgomery's history of complex trauma, including that her mother sold her as a pre-teen to various men for them to sadistically rape.

Montgomery filed an application for relief under 28 U.S.C. § 2255, alleging that the removal of Clarke interfered with her right to counsel; that the district judge was a witness to whatever was said off-the-record to cause the court to remove Clarke and therefore should recuse himself; that trial counsel (who was present when Clarke was removed) was ineffective in his handling of the Clarke removal; and that Montgomery was not represented at a critical stage, because trial counsel had a conflict of interest while discussing the matter with the court. Additionally, Montgomery filed ineffective assistance claims for counsel's 1) failure to investigate and present her trauma history; 2) misrepresentations to the court regarding mental-health evaluations that boxed trial counsel into an unsupportable insanity defense; 3) negligent disclosure of work-product to the Government's witnesses who used the work-product to paint Montgomery as a liar; 4) failure to



Appellate Case: 17-1716 Page: 7 Date Filed: 03/08/2019 Entry ID: 4764472

investigate the substance of that work-product where Government's witness misrepresented that information; 5) failure to competently cross-examine the Government's witnesses; 6) failure to familiarize himself with the previous team's investigation or to investigate the fanciful innocence defense; 7) failure to heed defense mental-health experts' assessment of Montgomery's impairments, 8) failure to conduct a biopsychosocial investigation. Montgomery also claimed she was incompetent to stand trial, that the death penalty is disproportionate as applied to her, and raised a *Riggins* claim.[1] The district court denied Montgomery's §2255 motion on the interference with counsel claim without a hearing but held an evidentiary hearing on Montgomery's other claims.

At the hearing, Montgomery presented unrebutted evidence that counsel failed to investigate a former law enforcement officer's report that fourteen-year-old Montgomery told him that her mother repeatedly

[1] The district court's order granted a hearing on eight specified issues including many sub-issues. The Supreme Court requires IAC claims to be viewed as a whole, not in pieces. Word limits prohibit Montgomery from providing substantive legal analysis. Montgomery directs the court to her application for COA, filed 11/1/2017.

allowed men to gang rape Montgomery.[2] She also presented compelling expert and lay proof in support of her claims of IAC for failing to present brain impairment and complex trauma, incompetence to stand trial, failure to cross-examine, and her *Riggins* claim.

The district court improperly denied the §2255 motion and any COA, summarily finding the merits "not debatable" without analysis. R.212,p.128; *see Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001) (critiquing blanket COA determinations as "undermin[ing] the gate keeping function of certificates of appealability"); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (finding "a blanket denial of a COA by the district court in this case is at least as objectionable as the blanket grant of a COA . . . if not more so"). Montgomery appealed.

A panel of this Court denied Montgomery's COA application in a three-sentence order, stating: "The court has carefully reviewed the original file of the district court, and the application for a certificate of appealability is denied." Appendix A. The order neither addressed the

---

[2] This evidence was unrebutted and part of a report to which the Government stipulated. Vol. 6, p. 1490 (Government does not "contest[] the information that [social historian] was able to compile and put together in the biosocialpysch (sic) history.").

enumerated reasons that reasonable jurists could disagree with the district court's resolution of the claims nor did it apply the proper COA standard to Montgomery's claims.

## II. The panel's decision contravenes *Miller-El* and *Buck.*

A COA may issue if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 327. "A 'court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims,' and ask 'only if the District Court's decision was debatable." *Buck*, 137 S. Ct. at 774 (quoting *Miller-El*, 537 U.S. at 327) (alterations in original).[3] Although the denial order contains no analysis, it appears that the

[3] In some circuits "[a]ny doubts as to whether a COA should issue must be resolved in the petitioner's favor." *Allen v. Stephens*, 805 F.3d 617 (5th Cir. 2015) (citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000); *Williams v. Woodford*, 396 F.3d 1059 (9th Cir. 2005) (applying *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).



Appellate Case: 17-1716 Page: 10 Date Filed: 03/08/2019 Entry ID: 4764472

panel failed to apply this low standard and engaged in premature merits review.

### A. The panel's post-card denial of Montgomery's COA application contravenes *Buck.*

The panel's cursory statement that it "carefully reviewed the original file of the district court" suggests that it reviewed Montgomery's claims using the more onerous appellate merits review standard, rather than the forgiving COA standard. Appendix A.[4] This contravenes *Miller-El's* holding that the AEDPA statute itself forbids "denial of a COA based on [an] adjudication of the actual merits." *Miller-El,* 537 U.S. at 336-37; *see also Buck*, 137 S .Ct. at 774 (reversing despite fact the circuit "phrased its determination in proper terms").

---

[4] That the Government failed to argue that Montgomery was not entitled to a COA on many claims but, instead, only addressed the merits of claims, further supports this read of the panel's order. *See*, e.g., Reply,p.4 (failing to address COA entitlement on the removal of Clarke claims).

### B. Montgomery is entitled to a COA under *Miller-El*.

#### 1. Montgomery's entitlement to relief on her Interference with Counsel Claim is reasonably debatable, because the removal of counsel violated equal protection and §3599.

The following principles demonstrate that Montgomery's claim that the court impermissibly infringed on her right to continue in her relationship with appointed counsel deserves "encouragement to proceed further" under *Miller–El,* U.S. at 327:

1) A court may not interfere in the attorney-client relationship between a defendant and retained or *pro bono* counsel (*U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006) (establishing the right to counsel of choice));

2) Indigent defendants have a right to counsel under the Sixth Amendment (*Gideon v. Wainwright*, 372 U.S. 335 (1963) (finding right to counsel fundamental to due process)); and

3) A court may not treat the poor differently from the well-heeled (*Griffin v. Illinois*, 351 U.S. 12 (1956) (holding equal protection requires courts to provide free transcripts for appeal preparation to indigent defendants)).



Appellate Case: 17-1716 Page: 12 Date Filed: 03/08/2019 Entry ID: 4764472

Montgomery established that the district court removed the only qualified attorney over her – and lead counsel's – objection. That removal violated due process because 1) neither the removed attorney nor Montgomery were given notice or an opportunity to be heard; 2) Montgomery (through lead counsel) lodged an objection as soon as practical; and 3) the removal occurred during an off-the-record *ex parte* meeting and did not include §3599(e)'s required "interests of justice" inquiry. Further, §3599 only permits removal of appointed counsel upon motion of the defendant or counsel; the district court's removal therefore violated the statute and Montgomery was entitled to a hearing and relief on this claim.

The district court recognized that *Gonzalez –Lopez* prevents removal of counsel when a defendant is able to afford retained counsel, but found *Gonzalez-Lopez* inapplicable because Montgomery's counsel was appointed. R.173,p.13. Although the court was correct that *Gonzalez-Lopez* limited its "choice of counsel" discussion to retained counsel, *Gonzalez-Lopez's* reasoning about impermissible infringement on the attorney-client relationship applies with equal force to indigent clients with appointed counsel.



Appellate Case: 17-1716 Page: 13 Date Filed: 03/08/2019 Entry ID: 4764472

Montgomery meets the *Miller-El/Buck* standard, because *Griffin v. Illinois*, 351 U.S. 12 (1956) prohibits distinctions between the constitutional rights enjoyed by the rich and those afforded to the poor. *See Williams v. Illinois*, 399 U.S. 235 (1970) (holding the purpose of *Griffin* was "to alleviate discrimination against those who are unable to meet the costs of litigation in the administration of criminal justice"). Gonzalez-Lopez prevailed on an interference with counsel claim, and Montgomery's situation differs from *Gonzalez* only because her counsel was appointed due to her indigence. Thus, Montgomery's claim necessarily has "some merit" under *Miller-El*. Further, under *Griffin*, Montgomery's claim has "some merit" because *Gonzalez-Lopez* cannot only apply to those with funds to hire counsel. Under the *Griffin* line of cases, once established, an indigent defendant has as much right to the protection of the attorney-client relationship as a rich one. *See, Garza v. Idaho*, __ S.Ct. __, No. 17-1026, 2019 WL 938523 n.4 (Feb. 27, 2019) (noting that where a right exists for "those who can pay for it, it must be provided for an indigent" and citing *Griffin*).

As courts have only begun to wrestle with the interplay of *Griffin* and *Gonzalez-Lopez*, Montgomery's claim that the court impermissibly



Appellate Case: 17-1716 Page: 14 Date Filed: 03/08/2019 Entry ID: 4764472

infringed on her relationship with her appointed counsel is debatable among jurists of reason.[5] The Fourth Circuit debated the interplay of *Gonzalez-Lopez* and *Griffin* in determining whether an indigent defendant may recover seized funds to pay for counsel for appeal. *U.S. v. Marshall*, 872 F.3d 213 (4th Cir. 2017). Where other courts of appeals have debated the *Gonzalez-Lopez/Griffin* issue, Montgomery's claim is clearly debatable.

The discretion afforded to district courts to administer their calendars and other concerns even in the face of an accused's right to a continuing relationship with counsel supports Montgomery's

---

[5] Montgomery's claim raises an issue distinct from *Morris v. Slappy*, 461 U.S. 1 (1983). Morris "did not specifically assert a concern for continued representation by [appointed counsel] until the third day of trial," and repeatedly expressed confidence in the substitute's abilities indicating he was "satisfied with the [substitute]" and did not "have anything against him." *Id.* at 6. *Morris* did not decide whether a defendant has a right to continued representation by his appointed counsel but rather whether he has a right to complain about the timing of the substitution when he otherwise did not express any reservation about losing his first attorney. *See Frazer v. U.S.*, 18 F.3d 778, 782–83 (9th Cir.1994) (discussing the "dimensions of the [Morris] limitation" as constrained by the factual presentation of the issue). Montgomery, to the contrary, expressed her objection to the removal of Clarke to the court, in writing, months before the trial date. Lead counsel also objected to the removal of Clarke and then the court removed lead counsel.

entitlement to "encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 482 (2000). Reasonable jurists could debate whether the district court abused its discretion in interfering with Montgomery's attorney-client relationship with Clarke based on the circumstances. *Slappy*, 461 U.S. at 11-12 (finding court's "unreason[ed] and arbitrary" use of its administrative power may violate due process). Montgomery's claim is debatable where the record shows that the district court removed Clarke *sua sponte* in response to gossip repeated off-the-record without notice to Montgomery or Clarke or an opportunity to be heard. *U.S. v. Santos*, 201 F.3d 953, 958 (7th Cir. 2000) (holding "the circumstances of the ruling and the reasons given by the judge" are relevant to determine if court abused its discretion in exercising its administrative power); *see also*, *U.S. v. Sinclair*, 770 F.3d 1148 (6th Cir. 2014) (holding in the context of infringement on the attorney-client relationship, even for judicial administration, "'[d]iscretion,' of course, is 'not a whim'") (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). Because the record shows that the district court relied on information obtained in at least six off-the-record discussions to deny Montgomery's claim of interference with counsel, is at least debatable

that the district court should have granted a hearing and recused itself instead of reaching the merits of the claim.

**2. Montgomery is entitled to a COA on claims upon which a hearing was granted, because the standard for obtaining an evidentiary hearing is a least as onerous as COA standard.**

The district court granted a hearing on Montgomery's remaining claims. The standard for obtaining an evidentiary hearing is similar, if not more onerous than the standard for obtaining a COA. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (citation omitted); *accord Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Here, the Government barely contested the expert proof and stipulated to the vast majority of the lay evidence. Where the district court determined that the proof presented could entitle Montgomery to relief – *i.e.* that her claims had some merit, and Montgomery subsequently presented proof in support of those claims, the issues necessarily are debatable. *See, U.S. v. Reed*, 230 F.3d 1368 (9th Cir. 2000) (table decision) 2000 WL 1246450, at *1 (granting a COA because the district court found the issues worthy of briefing).



Appellate Case: 17-1716 Page: 17 Date Filed: 03/08/2019 Entry ID: 4764472

### 3. Montgomery's IAC claims are reasonably debatable.

Montgomery's IAC claims are debatable because the district court expressly relied on the wrong legal standard to dismiss the claims. The court stated that it found no prejudice because it was considering each IAC claim separately and distinctly: "Because each ineffective assistance of counsel claim must stand or fall on its own, the Court now examines them in turn." R.212,p.21. As such piecemeal analysis was error, reasonable jurists would debate the dismissal of these claims. *Sears v. Upton*, 561 U.S. 945, 955-56 (2010); *Porter v. Collum,* 558 U.S. 30, 41 (2009).

Montgomery is entitled to a COA because the district court relied on the factually unsupportable determination that Montgomery could not demonstrate prejudice from counsel's deficient performance based on the nature of her crime. As the proof shows that every other person in the country to be charged with a similar crime has received a sentence less than death, the district court's determination that Montgomery cannot show prejudice is debatable. *See Escamilla v. Stephens*, 749 F.3d 380 (5th Cir. 2014) (granting a COA despite finding

of no possible prejudice because "disturbing facts of the crime alone do not defeat [petitioner's] prejudice argument").

#### 4. Under the rationale of *Martinez*, Montgomery should have one opportunity to present proof in support of her interference-with-counsel claims.

*Martinez v. Ryan,* 566 U.S. 1 (2012), is premised on the rationale that a petitioner is entitled to at least one review of constitutional claims. *Id.* at 10-11 ("[I]f counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default . . . no court will review the prisoner's claims."). The *Martinez* rationale applies equally to Montgomery's claims regarding removal of attorney Clarke. Montgomery is entitled to review of that decision by an independent arbiter and the right to present evidence. Montgomery's argument has particular weight under these facts. The district court removed Clarke on the basis of multiple unrecorded, off-the-record conversations to which Montgomery was not privy. During the conversation, Montgomery was not represented (her putative counsel was encumbered by a personal conflict as he was pursuing his own agenda. *See Christeson v. Roper*, 135 S. Ct. 891, 894 (2015). Finally, district court subsequently made factual findings that are contrary to



Appellate Case: 17-1716 Page: 19 Date Filed: 03/08/2019 Entry ID: 4764472

the record, seemingly based on the court's memory of off-the-record events. Equity demands that some court review those findings.

**C. The panel's decision conflicts with decisions of this Court.**

In other cases, this Court has not conflated whether a case presents issues that are "debatable" with likelihood to succeed on appeal. Indeed, several capital habeas petitioners in this Circuit have received COAs on similar – yet demonstrably weaker – IAC claims than Montgomery's. For example, this Court granted or expanded COAs for Petitioners Nelson, Oritz, Purkey, and Sinisterra regarding IAC claims where none of those petitioners had proof that counsel failed to investigate proof as compelling as that which counsel failed to investigate here. [6]

Montgomery has presented proof that her subsequent trial counsel failed to read the mitigation investigator's report detailing an interview with a former law enforcement officer who stated that *as a child* Montgomery reported she was being raped by multiple adult male perpetrators, including her step-father. Montgomery presented proof

[6] Montgomery's ultimate trial counsel represented Purkey and Sinisterra.

that despite this blazing red flag signaling extreme sexual trauma, counsel did nothing to further investigate that information and put the witness on the stand without asking him a single question about this shocking information. Where counsel was (or should have been, had he read his own investigator's report) aware that Montgomery's mother sold Montgomery for repeated rape by multiple adult male perpetrators, counsel's failure to develop that information is at least as debatably as ineffective as the omissions upon which this Court has previously granted COAs.

For example, this Court found the following petitioners' IAC claims to be reasonably debatable:

- Nelson: despite proof that trial counsel called fifteen lay witnesses and one expert about the effect of childhood abuse and despite Nelson having precluded mental health evidence by refusing Government evaluations. *Compare*, *Nelson v. U.S.,* Case No. 4:04-cv-08005, PageID#4559060 (10/28/08) with Nelson v. U.S., Case No.15-3160, EntryID4559060 (7/19/2017 (granting COA).

- Ortiz: despite proof that Ortiz's attorneys did not observe any behavior that caused concern for his mental health and could not have investigated or presented proof because he refused to cooperate with evaluations. *Compare Ortiz v. U.S.,* Case No. 4:04-cv-08001, PageID#38764 (7/19/17) *with Ortiz v. U.S.*, Case No. 08-1749 (10/28/2008) (expanding COA).
- Purkey: despite counsel's presentation of eighteen witnesses regarding the sexual, physical, and psychological abuse. *Compare, Purkey v. U.S.*, Case No. 4:06-cv-08001 (9/29/09) *with Purkey v. U.S.*, Case No. 10-3462, PageID#3796481, (6/10/2011) (granting COA).
- Sinisterra: despite the fact testimony from Sinisterra's Columbian family was not available because the family did not receive visas to enter the country and despite video that "sufficiently conveyed to the jury" the mitigation. *Compare Sinisterra v. U.S.*, Case No. 4:04-080003, *with Sinisterra v. U.S.*, Case No. 08-1925, EntryID 3454825 (Order 7/24/08) (granting COA).



Appellate Case: 17-1716 Page: 22 Date Filed: 03/08/2019 Entry ID: 4764472

Where Montgomery's IAC claims are at least as debatable as those of Nelson, Ortiz, Purkey, and Sinisterra, and this Court granted or expanded the COAs in those cases, Montgomery is likewise entitled to a COA.

## Conclusion

This case should either be reheard by the original panel or reheard *en banc* on the question of whether it was proper to deny a COA in this capital case.

Respectfully submitted this 8th day of March, 2019.

/s/ Lisa G. Nouri

Lisa G. Nouri
Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816)471-1000

/s/ Kelley J. Henry

Kelley J. Henry
Mo. Bar No. 38849; Tn. Bar No. 021113
Supervisory Asst. Federal Public Defender

Amy D. Harwell
Tn. Bar No. 18691
Asst. Federal Public Defender
Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047



Appellate Case: 17-1716 Page: 23 Date Filed: 03/08/2019 Entry ID: 4764472

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P.32(f), this document contains 3690 words.

2. This document complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Century type style.

Dated: March 8, 2019

By */s/ Kelley J. Henry*

Attorney for Lisa Montgomery

## CERTIFICATE OF SERVICE

I hereby certify that on, March 8, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system

By */s/ Kelley J. Henry*

Attorney for Lisa Montgomery